HENRY ROHLFF, APPELLANT, v. ARTHUR BICE, APPELLEE.

FILED APRIL 13, 1909.    No. 15,599.

Intoxicating Liquors: PLEADING. In an action to recover the price of liquors sold under a contract, the plaintiff need not allege that he is a licensed liquor dealer.

APPEAL from the district court for Boyd county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*John A. Davies* and *G. W. Shields,* for appellant.

*A. H. Tingle* and *D. A. Harrington, contra.*

EPPERSON, C.

Plaintiff sued to recover for a balance due for one barrel of whiskey sold by him to the defendant. Upon the trial plaintiff introduced evidence sufficient to support the allegations of his petition, and, in addition thereto, uncontradicted evidence that he was a licensed liquor dealer, and that the sale was made under his license. Upon the conclusion of the evidence the court on his own motion instructed the jury to return a verdict for the defendant, because, as stated by the trial court, "a party must confine his evidence to the allegations contained in his pleadings, and he cannot make out a case by evidence which is not based upon the allegations contained in his pleadings, when the missing allegation is a material one." From a judgment upon the verdict plaintiff appealed.

We have not been favored by an argument or a brief in behalf of the defendant, and find nothing in the record indicating what theory of the case the trial court had in mind; but plaintiff informs us that the court gave the instruction upon the theory that plaintiff should have alleged in his petition that he was a licensee. The plaintiff was not required to allege that he was duly authorized to sell the liquor in controversy. It is the rule that, in actions to recover the price of liquors sold, plaintiff need not allege that the sale was authorized by law, or that he was a licensed liquor dealer. If the defendant seeks to defeat plaintiff's action on the ground that the sale was illegal, he must allege its illegality as a defense. Black, Intoxicating Liquors, sec. 250; 23 Cyc. 342. We find no cases to the contrary, nor can we find any reason requir-

ing the plaintiff to allege this fact.   In this state, where persons may be authorized to sell intoxicants, the court will not presume that one suing to recover the price of liquors sold had made the sale illegally.

We recommend that the judgment of the district court be reversed and this cause remanded for further proceedings.

DUFFIE, GOOD, and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and this cause remanded for further proceedings.

REVERSED.