GEORGE D. DARLING, APPELLANT, V. ANNA KIPP, APPELLEE.

FILED MAY 17, 1913. No. 17,214.

Sales: ACTION FOR PRICE: DEFENSE: PUBLIC POLICY. It is not a defense to an action to recover the price of goods sold that the vendor knew that the purchaser was conducting an illegal business, when it is no part of the contract that the goods shall be used for such illegal purpose, and the vendor has done no act in aid or furtherance of the unlawful design.

APPEAL from the district court for Box Butte county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*E. H. Boyd* and *C. C. Barker,* for appellant.

*William Mitchell, contra.*

SEDGWICK, J.

This action was brought to recover the alleged purchase price of one piano, one music roll, and a roll of carpet felt. Upon trial in the district court for Box Butte county, the court instructed the jury to find a verdict for the defendant, and the plaintiff has appealed.

There was a written contract between the plaintiff and defendant, in which it was recited that the piano was leased by the plaintiff to the defendant, but the contract is, in substance, a contract of conditional sale, and not of lease. It provides that the defendant should pay $25 a month until the sum of $650 was paid for the piano, and that until that amount was paid the title should remain

in the plaintiff. It was provided that the defendant might pay the amount with interest at any time. After several payments had been made the property was destroyed by fire. The contract, however, contained an agreement that the defendant should keep the property insured for the benefit of the plaintiff, and this agreement was not fulfilled on the part of the defendant; no insurance having been obtained on the property.

The defense was that, at the time the contract was made, the defendant "was running a house of prostitution," and that the plaintiff knew that fact, and that the contract was therefore contrary to public policy and not enforceable. The plaintiff, upon cross-examination, testified that he knew that the defendant was conducting a house of prostitution; that he delivered the piano at her house; that he knew that she was going to use it in her house of prostitution; that it remained in her house until it was destroyed by fire. The plaintiff was a retail dealer in furniture at Alliance. He sold these articles in the regular course of his business. He had no interest in the defendant's business and was in no way connected with it. There seems to be no reason for holding him responsible for her business, any more than one who should sell her groceries, fuel, wearing apparel, or any such like articles. Under such circumstances, he is not *particeps criminis,* and was entitled to recover for the goods sold. This was determined in this state in an early case, *Kittle v. De Lamater,* 3 Neb. 325. Mr. Justice Gantt, speaking for this court, quoted with approval from *Tracy v. Talmage,* 14 N. Y. 162, 176, "I consider it as entirely settled by the authorities that it is no defense to an action brought to recover the price of goods sold, that the vendor knew that they were bought for an illegal purpose," and pointed out that it is only in case "it is made a part of the contract that the goods shall be used for such illegal purpose, or if the vendor has done some act in aid or furtherance of the unlawful design, (that) there cannot be a recovery." In the same case, upon another hearing, 4 Neb. 426, it was held

that one who had knowledge of the illegal purpose for which the goods were intended, but had nothing to do with using them for that purpose, was not *particeps criminis*, and that the defendant was liable for their value. Under the evidence in this case, the plaintiff was entitled to recover, and the court erred in instructing the jury to find for the defendant.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

REESE, C. J., BARNES and FAWCETT, JJ., concur.

LETTON, ROSE and HAMER, JJ., not sitting.