TAYLOR & WILLIAMS, APPELLANT, V. JAMES STEINMAN;
HARRY BARBAZETT, APPELLEE.

FILED JANUARY 30, 1914.   No. 17,458.

1. **Partnership:** EVIDENCE.  Evidence set out in the opinion examined, and *held* sufficient to establish the copartnership of the defendants.

2. **Sales:** ACTION FOR PRICE: DEFENSE: PLEADING.  In an action by a vendor to recover the price of intoxicating liquors sold, if the vendee relies on illegality of the sale as a defense, he must specially plead and prove it.  He cannot show it under a general denial.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE.  *Reversed.*

*Lambe & Butler,* for appellant.

*W. S. Morlan, contra.*

FAWCETT, J.

Appeal from a judgment of the district court for Red Willow county.  The petition alleges that plaintiff is a wholesale liquor dealer organized under the laws of Kentucky, with its principal place of business in Louisville; that the defendants Steinman and Barbazett were partners doing a retail liquor business in McCook, under the firm name and style of James Steinman; that in November, 1910, plaintiff sold and delivered to defendants merchandise consisting of 50 cases of whiskey, of the aggregate value of $535, no part of which has been paid, and for which it prays judgment.  Defendant Barbazett answered by general denial. Defendant Steinman made default. At the close of the trial the court directed a verdict in favor of defendant Barbazett, and submitted the case to the jury as to the defendant Steinman.  The verdict of the jury was in favor of defendant Barbazett, as directed, and in favor of the plaintiff and against defendant Steinman. Judgment was entered accordingly, and from the judg-

ment in favor of defendant Barbazett plaintiff appeals.
The controversy here is between plaintiff and defendant
Barbazett; no appeal having been prosecuted by defend-
ant Steinman. The parties will, therefore, be designated
simply as plaintiff and defendant.

Counsel for defendant correctly concludes that there
are but two questions involved in this appeal, and has, ac-
cordingly, subdivided his brief into two parts: "(1) The
defendants were not partners. (2) Where plaintiff know-
ingly sells liquor for the purpose of an unlawful resale
thereof by the vendee, it cannot recover the purchase
price." A disposition of these two points will dispose of
the case. We will, therefore, consider the points in the
order stated.

1. The evidence shows that the building in which the
saloon business was conducted belonged to defendant;
that the retail liquor dealer's license was issued to James
Steinman. Defendant furnished the building, and was
to receive therefor as rent $15 a week. Steinman con-
ducted the business, and was to receive for his services
a like sum of $15 a week. When they entered upon the
business they purchased a stock amounting to $610, and
each paid one-half of the purchase price. When the li-
cense was obtained each contributed $600, making the
total of $1,200 for the license. The consideration for the
bond given was $55, which was paid out of the profits of
the business. At the end of each month, if there was any
profit, it was to be and was equally divided. Under this
arrangement Steinman paid Barbazett from $100 to $200
as his share of the profits each month, in addition to the
$15 a week which he was to have for the use of the build-
ing. Steinman testifies, and his testimony is not contra-
dicted, that during the period of about three years that
the business was conducted he paid to the defendant as his
share of the profits the aggregate sum of $6,000; that de-
fendant told Steinman to buy stock on time when he did
not have the money, "and to buy it from anybody that he
could buy from;" that Barbazett had knowledge from time
to time of purchases of liquor on credit; that the partner-

ship arrangement between the two was still in force when the goods in controversy were purchased from plaintiff; that Steinman put his labor against the use of the building, and the profits were equally divided; that "Barbazett got a statement each month as to the expenses and debts;" that the debts were to be paid out of the proceeds; that the business was done in Steinman's name and the goods purchased in that manner because the license was taken out in his name; that all of the goods purchased from plaintiff were sold over the bar, "except six pints of Yellowstone, and the profits of said sales were equally divided" between them; that "In January, 1911, Barbazett asked about the outstanding bills, and Steinman gave him an itemized statement of all bills and invoices of stock, the indebtedness to the plaintiff, which was then $535, and after this notice to Barbazett, the sale of goods so purchased of the plaintiff and unpaid for were divided equally between Steinman and Barbazett." Steinman also testifies upon re-cross-examination that he told the salesman of plaintiff, before he bought the goods in suit, that the witness was buying the goods in his name because the license was in his name; that Barbazett was a silent partner. Defendant did not take the witness stand. We think every essential element of a partnership was present and covered by the contract entered into and carried out by these two defendants.

2. Counsel for plaintiff contends that the question as to whether or not plaintiff sold liquors to the defendants, knowing that they were to be sold in an unlawful manner by the defendants, is not in this case. We think their contention is sound, and, without deciding the question as to whether or not the sale of the liquors by Steinman and Barbazett, as a copartnership under the name of Steinman, was an unlawful sale, we are compelled to decide this point adversely to defendant, for the reason that no such issue was tendered by defendant in his answer, the answer being simply a general denial. In 23 Cyc. 342, it is said: "In an action to recover the price of liquors sold, the declaration or complaint need not allege that

the sale was authorized by law or by plaintiff's license, for, if defendant relies on the illegality of the sale as a defense, he must allege and prove it, and this cannot be done under the general issue, but must be specially pleaded, and by a plea setting forth every fact essential to show that the sale was contrary to law." In *Rohlff v. Bice,* 84 Neb. 141, we said: "The plaintiff was not required to allege that he was duly authorized to sell the liquor in controversy. It is the rule that, in actions to recover the price of liquors sold, plaintiff need not allege that the sale was authorized by law, or that he was a licensed liquor dealer. If the defendant seeks to defeat plaintiff's action on the ground that the sale was illegal, he must allege its illegality as a defense. Black, Intoxicating Liquors, sec. 250; 23 Cyc. 342. We find no cases to the contrary, nor can we find any reason requiring the plaintiff to allege this fact. In this state, where persons may be authorized to sell intoxicants, the court will not presume that one suing to recover the price of liquor sold had made the sale illegally." In *Darling v. Kipp,* 93 Neb. 781, we held: "It is not a defense to an action to recover the price of goods sold that the vendor knew that the purchaser was conducting an illegal business, when it is no part of the contract that the goods shall be used for such illegal purpose, and the vendor has done no act in aid or furtherance of the unlawful design." The opinion in that case was handed down so recently that we deem it unnecessary to quote from it. Suffice it to say that, under the authority of that case, the sale of these liquors by plaintiff to defendants, with knowledge that the defendants were conducting the business in Steinman's name because of the fact that the license stood in his name, is not sufficient to defeat a recovery. See, also, *Frankel v. Hillier,* 16 N. Dak. 387, on both points above considered. There is no evidence even tending to show that plaintiff, or its agent, was in any manner a party to the contract entered into between Barbazett and Steinman, or in the slightest degree responsible for the manner in which they were conducting their business. Coupled with the statement of Steinman, to

plaintiff's agent, that the business was being so conducted because the license was in his name, was the additional statement that Barbazett was a silent partner in the business. This was insufficient to make the sale of the goods by plaintiff illegal. On both points, therefore, we hold that the trial court erred in directing the verdict.

The judgment is reversed and the case remanded for further proceedings in harmony with this opinion.

REVERSED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.